# Commonwealth *v.* Hafer, Appellant.

*Election law—Primary elections—Making false returns—Act of June 29, 1881, P. L. 128—Criminal law.*

An indictment under the Act of June 29, 1881, P. L. 128, which charges that the defendant as the judge of a primary election did " then and there unlawfully, wilfully and fraudulently make false returns, and was then and there concerned in the making of false returns of the number of duly qualified electors, and the number of votes cast," is not bad for duplicity; nor can it be quashed on the ground that it does not aver that the defendant was sworn as a judge of election.

Where the votes at a primary election have been properly cast and counted, but the returns have been altered after they were certified by the election officers, the judge of the election may be convicted of making a false return by giving effect to the alteration by handing the returns to the county chairman, although he may not himself have made the alteration.

Argued Nov. 17, 1902.   Appeal, No. 6, Feb. T., 1903, by defendant, from judgment of Q. S. Lycoming Co., Dec. T.,

1901, No. 50, on verdict of guilty in case of Commonwealth v. John B. Hafer.  Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Indictment for making a false return of a primary election. Before HART, P. J.

At the trial the defendant was convicted and sentenced to pay a fine of $50.00 and undergo an imprisonment in the county jail for a period of six months.   The material averments of the information and indictment, and the grounds for quashing the appeal, are stated at length in the opinion of the Superior Court.

*Errors assigned* were (1) refusal to quash the indictment; (2) in sentencing the defendant.

*N. M. Edwards*, with him *F. P. Cummings*, for appellant, cited : Com. v. Hunter, 13 Pa. C. C. Rep. 573 ; McCullough v. Com., 67 Pa. 30 ; Rowand v. Com., 82 Pa. 405 ; Com. v. Trimmer, 84 Pa. 65 ; Com. v. Miller, 14 York, 112 ; Com. v. Clement, 8 Pa. Dist. Rep. 705 ; Com. v. March, 21 W. N. C. 566.

*W. H. Spencer*, district attorney, with him *C. L. Peasler*, for appellee.

OPINION BY BEAVER, J., January 20, 1903 :

The defendant was tried upon two several indictments for a violation of the Act of June 29, 1881, P. L. 128, " To regulate the holding of and to prevent frauds in the primary elections of the several political parties in the commonwealth of Pennsylvania."   The cases were tried together.   As to the one indictment, No. 49, which charged that the defendant " did then and there unlawfully, wilfully and fraudulently make, sign, utter and publish, and was concerned in the fraudulent making, signing, altering, uttering and publishing a certain written instrument, to wit : the primary election returns and certificates of said Democratic party of and for the said Old Lycomimg township, in the said county of Lycoming," he was acquitted.   On indictment No. 50, in which it was charged that he " did then and there unlawfully, wilfully and fraudulently

make false returns, and 'was then and there concerned in the fraudulent making of ' false returns of the number of duly qualified electors and the number of votes cast by the duly qualified Democratic electors of the said township of Old Lycoming, county of Lycoming, for the offices and officers aforesaid," he was convicted and sentenced.

The defendant assigns for error (1) the refusal of the court to quash the indictment, the reasons assigned for the motion to quash being:

"1. Because the indictment charges a different crime from that laid in the information and does not show that it is founded upon a presentment to the grand jury, nor that it was laid before the grand jury by the district attorney with leave of court.

" 2d. Because the indictment is bad for duplicity.

" 3d. Because the indictment fails to disclose whether the defendant was sworn or in any way qualified to discharge the duties of judge of said primary election."

The motion to quash was refused, in which refusal we think the court was correct. The act of assembly provides that " if any judge, inspector, clerk or other officer of a primary election as aforesaid shall be guilty of any wilful fraud in the discharge of his duties, by destroying or defacing ballots, adding ballots to the poll other than those lawfully voted, by stuffing the ballot box, by false counting, by making false returns or by any act or thing whatsoever, the person so offending shall be deemed guilty," etc. The information charges that " the said John B. Hafer, being in the actual and manual possession of the said returns and certificates of the said primary election of the said Democratic party for the said Old Lycoming township, held as aforesaid, did unlawfully, wilfully, maliciously, feloniously and fraudulently alter, change and falsify the said primary election returns and certificates of the said Democratic party of said Old Lycoming township in said county," etc. The indictment, upon which the defendant was convicted, was undoubtedly based upon the information and substantially follows the language of the act of assembly. It charges specifically a single offense and is not open to the charge of duplicity. The indictment charges that the defendant was judge of the election. This we think was sufficient, without stating specifically

that he had been sworn as such. It is true that the act of assembly requires officers of such election to be sworn and prescribes the oath to be taken, but in a subsequent part of the act it is made a misdemeanor to act as an election officer, without the taking of the oath. The description in the indictment assumes that the defendant did everything necessary to qualify him to act in the capacity in which he assumed to act. This, in our opinion, was all that was necessary to make the indictment good in this respect. The motion to quash was, therefore, properly over ruled.

The second assignment of error is based upon the alleged error of the court in sentencing the defendant. The ground of the objection seems to be that the defendant, having been acquitted of fraudulently making a certain written instrument, he could not be found guilty of making a false return. The facts, as developed by the evidence, were that, although the votes for district attorney were properly cast and counted and the election returns properly certified by the election officers, that subsequently, while the returns were in the possession of the defendant, some one—whether the defendant or not—altered said returns, so that the vote for Walter E. Ritter for district attorney was changed from six to seven votes. After this alteration was made, the defendant gave effect to the alteration by handing the returns to the county chairman, by whom they were to be counted. This was making a false return, whether he was guilty of the alteration or not. The jury evidently found, by acquitting him under indictment No. 49, that he had not made the alteration, but that by making that alteration effectual in making the return after it was altered to the county chairman, he was guilty of making a false return, and in this we think the jury made an entirely proper distinction and that the court very properly sentenced the defendant upon the verdict of the jury, finding him guilty, under No. 50 of making a false return.

We see nothing erroneous, either in the indictment or in the sentence.

Judgment affirmed.